No. 19,598.

IDA RUNBECK, *Appellee,* v. THE FARMERS & BANKERS LIFE INSURANCE COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Delay in Payment of Dues—Custom of Insurer—Waiver of Prompt Payment—Member Not Suspended.* An insurance company which for a number of years permits a certificate holder to be in default from two to thirty-four days in the payment of his assessments without complaint and continues to forward receipts for such assessments with no claim of forfeiture or demand for physical examination, thereby adopts a practical rule that until otherwise notified such holder's payments will be received if paid within a reasonable time.

2. SAME—When after such a course of dealing the holder died six days after an assessment became due, and payment was tendered immediately and blanks for proof of death demanded, which tender and demand were refused and liability was denied, the certificate was still in force and the company was liable.

3. SAME—*Transfer of Assets of Issuing Company—Assumption of Payment by Defendant Herein.* Such company having sold and delivered all its assets to the defendant company, which agreed to assume the liabilities of the issuing company, the defendant company is liable on such certificate.

Appeal from McPherson district court; FRANK F. PRIGG, judge. Opinion filed July 10, 1915. Affirmed.

*J. A. Brubacher,* of Wichita, for the appellant.

*Robert Stone,* and *George T. McDermott,* both of Topeka, for the appellee.

Runbeck v. Insurance Co.

The opinion of the court was delivered by

WEST, J.: This appeal presents the question whether or not the defendant company is liable to the plaintiff by virtue of its contract with The Security Life Association and the certificate issued by the latter to the plaintiff's husband, Olaf B. Runbeck. It is claimed by the plaintiff that the issuing company was liable on the certificate notwithstanding the fact that the monthly premium was unpaid at the time of her husband's death, because of a custom long practiced of receiving past-due payments, and that the defendant company is liable by reason of its contract with the issuing company, and also because it took over its entire assets and thereby assumed its liabilities.

The certificate was issued August 1, 1907, and by its terms was made "absolutely incontestable for any cause whatever" after two years, but providing also that it would be void and all payments would be forfeited if not made on or before the date due, with privilege of reinstatement in case of delay upon a certificate of good health and payment of all dues and assessments in arrears.

The first four payments were made promptly; the next two days late; the next eight days late; the next thirty-four days late, and never after that, with one exception, was an assessment paid when due, but no complaint was made and no demand for evidence of good health or notification of lapse, but the regular receipt always came. The last payment made before the holder's death was due October 1, 1911, and was paid and accepted in the regular way October 20. During the last two years of Mr. Runbeck's life his payments averaged a little over thirteen days late, but without complaint on the part of the company. A payment was due December 1, but relying upon the custom he failed to pay it upon that date and died on December 6. Immediately thereafter the premium was tendered and a demand made for blanks for proof of death, which tender and demand were refused and liability denied. It was stipulated that the secretary and treasurer had, with the knowledge of Runbeck, "formed a custom of receiving assessments from members after their due dates, without requiring evidence of good health as a condition to reinstatement, if he believed that such [members] were in good health, but if he had reason to believe that such members were not in good health,

he required a certificate of good health as required by the certificate so held by the members, and would not accept their assessments in arrears without such showing, it being discretionary with him to require such evidence of good health or not."

But it was also agreed that past-due payments were received in the manner already indicated, and we have no hesitation in holding that this amounts to a waiver of prompt payment and that such long course of permitting the certificate holder to pay at the times indicated without protest amounted to the adoption of a practical rule that until otherwise notified his payments would be received if made within a reasonable time after they became due. (*Fenn v. Life Insurance Co.*, 90 Kan. 34, 133 Pac. 159; *Edmiston v. The Homesteaders*, 93 Kan. 485, 144 Pac. 826.)

One of the provisions of the contract between the defendant and the issuing company was "To assume the liabilities of The Security Life Association to the certificate holders of said Security Life Association, in force as of the day of this contract, in accordance with the terms of said certificates." The contract was dated January 4, 1912, and, as already indicated, The Security Life Association was at that time liable on the certificate in question.

Various other matters are argued in the briefs, and while they have all been considered they are not vital to the issues and need not be discussed. It may be said, however, that in addition to the facts agreed upon the trial court found that from November 20, 1911, to January 4, 1912, the secretary and treasurer of The Security Life Association consulted with the officers of the defendant company and advised with them as to the facts concerning the claim involved in this action; that in the assets turned over to the defendant company all the receipts of the other company during the period mentioned after the deduction of proper disbursements were included, and that on January 4, 1912, all of its assets of every kind were turned over and accepted by the defendant company.

Finding no error, the judgment is affirmed.